[868 NYS2d 217]

In the Matter of Eric B. Chalif, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, November 12, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Chris G. McDonough*, Melville, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District was notified that the Commonwealth of Massachusetts Board of Bar Overseers of the Supreme Judicial Court had issued an order dated January 18, 2007, publicly reprimanding the respondent for failing to promptly deliver funds to a third party to which that third party was entitled, failing to adequately supervise his staff such that he was initially unaware of the receipt and deposit of an insurance check, and failing to maintain proper reconciliation reports.

The respondent's client sustained injuries when a vehicle in which he was a passenger collided with another vehicle. Hanover Insurance Company (hereinafter Hanover) insured the owner of the vehicle which struck the client. OneBeacon insured the owner of the vehicle in which the client was a passenger. The respondent's client accepted the insurers' agreement to settle the matter for the sum of $3,500. OneBeacon agreed that Hanover would pay the claim and then receive reimbursement. On November 8, 2004, Hanover sent a settlement check in the sum of $3,500 to the respondent. The respondent deposited the check into his IOLTA account and the proceeds, including his fee, were disbursed as agreed with the client. The file was closed and placed in storage with a client ledger detailing the settlement breakdown.

On December 22, 2004, OneBeacon inadvertently sent the respondent a further settlement check in the sum of $1,750 payable to the respondent. That check appeared to be a settlement with the notation "ABI," which the respondent took to mean automobile bodily injury. The check was intended to be sent to and made payable to Hanover. On December 30, 2004, a member of the respondent's staff deposited that and other settlement checks into the respondent's IOLTA account. The respondent was unaware of the receipt of the check or the deposit by a member of his staff until March 2005. At the time he received the check, and continuing until approximately March 2006, the respondent failed to maintain his client ledgers apart from the client file or to reconcile the total of the client ledger balances against his check register balance or against the adjusted bank statement balance as required by the Massachusetts disciplinary rules.

Between March 2005 and October 2005, Hanover sent repeated requests to the respondent and made several telephone calls seeking reimbursement of the misdirected check. The respondent had difficulty retrieving the client file and failed to respond to Hanover's requests. On March 16, 2006, Hanover filed civil complaints against the respondent, his client, and OneBeacon in small claims court for reimbursement of the sum of $1,750, plus interest and costs. Hanover also filed a complaint with bar counsel. In response to the small claims court summons, but before receiving notice of the disciplinary complaint, the respondent reimbursed Hanover the sum of $1,750 from his operating account. The respondent reimbursed himself from the funds remaining in his IOLTA account.

After being notified of the disciplinary complaint, the respondent remedied his bookkeeping to comply with the requirements of the Massachusetts disciplinary rules.

The respondent did not challenge the Massachusetts discipline under any of the defenses enumerated in 22 NYCRR 691.3 (c). Rather, he asks the Court to impose discipline of a lesser degree on the ground that the public reprimand imposed in Massachusetts is unduly harsh and does not warrant replication in New York.

In view of the length of time it took for the respondent to make the appropriate reimbursement and the failures in his bookkeeping system, the respondent is publicly censured based upon his public reprimand in Massachusetts.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct.